CALDWELL *v.* SCOTT.

4-4903

Opinion delivered January 24, 1938.

*Clinton L. Caldwell,* for appellant.

*C. M. Buck,* for appellee.

MEHAFFY, J. Drainage District No. 17 of Mississippi county, Arkansas, was organized by act 103 of the General Assembly of 1917. The land involved in this controversy was included in the district.

On March 5, 1918, the board of directors filed with the county court clerk of Mississippi county, Arkansas, an assessment of benefits upon the lands comprising the district. The county court, on February 4, 1918, made an order approving the assessment of benefits upon the lands in the district, after having made many modifications and changes in the assessment as originally filed by the board of directors.

This suit was begun on December 20, 1932, for the taxes due in 1930 and 1931. It was alleged that the taxes were delinquent and unpaid for those years. The appellee prayed judgment against each separate tract of land for the amount of taxes due and for 25 per cent. penalty, 6 per cent. interest, and a reasonable attorney's fee.

The appellant filed a separate amended answer on February 18, 1935. The answer denied the allegations of the complaint, and among other things it was alleged in the answer that the benefits, as fixed by the county court against appellant's tract of land, was $1,259.20, and he alleged that he was entitled to recover the value of ditches constructed by him—$200. It was also alleged that no benefits were assessed against any part of the land in controversy; that the drainage taxes for 1930 and 1931 were levied and extended from a book compiled since the year 1920, which revision is uncertified, unfiled, and in the district's exclusive possession; that the taxes were not extended according to law; that no tax levy was made by the county court in 1931. He alleges that there were some interlineations and penlines drawn through the acreage and amount.

The court entered a decree finding that the benefits were levied and assessed upon the land in the sum of $1,659.20; that said assessment constituted a valid lien against said land; that the taxes due for the year 1930, which were delinquent, amounted to $116.14, and the sum due for 1931 amounted to $74.66, and the decree was entered for these amounts with interest, penalty and costs, and the decree provided that if these amounts were not paid within 30 days the land should be sold, after having been advertised as required by law. The case is here on appeal.

Appellant contends first that the court erred in not permitting him to introduce an uncertified, unfiled book of assessments, to prove that it carried assessed benefits of certain amounts. The appellant does not give any reason why this evidence should have been introduced. If it had never been filed and was uncertified, as he alleges, it was certainly not proper evidence to prove anything.

Appellant next contends that the judgment for penalties, interest and attorney's fee is unsupported by act 103, except the foreclosure be for a lien upon the land by judgment of the county court. We think the evidence is sufficient to show, and the court found, that the assess-

ment was confirmed by the county court, and constituted a valid lien.

Appellant argues several other objections to the findings and order of the court, but these are questions of fact, and we think the finding of the chancellor is supported by the evidence.

We think the court did not err in refusing to permit appellant to introduce evidence as to $200 alleged to be due him by the district. Taxes have been paid on this land annually for more than 18 years, and so far as the records show no effort was made by appellant at any time to collect this amount, and in the payment of taxes no request was ever made for the payment of this $200 or for a reduction of benefits because of the $200. It may have been paid. The persons in the management of the district affairs at the time it is said this amount was allowed, have nothing to do with it now; as a matter of fact, the district is in receivership, and if this sum was due appellant and had not been paid, its payment would have been urged a long time ago.

Appellant's cause of action against the district for the $200 arose 18 years ago. Appellant argues that under act 103 he never had any right to recover the $200 for the reason that § 9 of said act made it optional with the district to pay either in cash or by a reduction of assessments, and it is also contended that the county court's order of approval of assessed benefits concluded appellant's right, if any existed. Conceding what appellant argues to be true, this did not prevent the running of the statute. He states that a reduction of assessments would have been a complete bar in his suit for the $200.. That is true, but it would simply have been another way of collecting the $200. If suit had been brought for the $200 and the district had made a reduction of $200 in his assessments, this of course would have been a bar to his recovery of a judgment for the $200, but it would have been in effect, the payment of the $200.

In this case, there is no dispute about the land being subject to the tax, and no contention that it has been

paid, and the chancellor's finding on the facts is sustained by the evidence.

The decree is, therefore, affirmed.